IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVETTE DÍAZ-VÁZQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZOIMÉ ÁLVAREZ-RUBIO, et al., <br><br> Defendants. | CIVIL NO. 11-1405 (MEL) |

**OPINION AND ORDER**

Pending before the court is plaintiff Ivette Díaz-Vázquez, José O. Rodríguez, and Orlando Aldebol-Borrero's (collectively, "plaintiffs") Motion for Reconsideration of this court's Opinion and Order dated October 22, 2013, granting defendant's Motion for Summary Judgment. ECF No. 112. Plaintiff moves for reconsideration of the dismissal of plaintiffs' Equal Protection Clause claim. The court briefly addresses plaintiffs' contentions and incorporates by reference the reasoning contained in the October 22, 2013 Opinion and Order.

Plaintiffs contend that the court's dismissal rests on a misapprehension of the concept of "similarly situated individuals" in the context of Equal Protection Clause doctrine. As plaintiffs emphasize in their Motion for Reconsideration and as this court acknowledged in the Opinion and Order denying summary judgment, in order for groups to be similarly situated, "[e]xact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, apples should be compared to apples." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st. Cir. 1989) (internal citation omitted). The court also previously acknowledged that the "determination as to whether parties are similarly situated is a fact-bound inquiry …." Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st. Cir 2007). It is true—as plaintiffs emphasize in their

Motion for Reconsideration—that normally such inquiries are "grist for the jury's mill;" however, that does not mean "that every case, regardless of the proof presented, is a jury case." Id.  Overall, plaintiffs have not brought forth anything to the court's attention in their motion for reconsideration to suggest that court's understanding of the applicable law in this case is different from their own, such that the court's decision rests in a "manifest misapprehension of the concept of 'similarly situated individuals.'"  To the contrary, the court largely shares plaintiffs' understanding of this concept, but as explained in the Opinion and Order granting summary judgment this court finds that in the case of caption plaintiffs have simply not presented sufficient evidence for a jury to find "an extremely high degree of similarity between [plaintiffs] and the persons to whom they compare themselves." Cordi-Allen v. Conlon, 494 F.3d at 251 (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d. Cir. 2006)) (internal citations omitted).

The first class of individuals with whom plaintiffs seek to compare themselves "is composed of individuals appointed to managerial career positions, in violation of the merit principle because their job announcements were not posted to the general public." ECF No. 112, at 3.  This class of individuals is simply too broad; the individuals within it are not "roughly equivalent … in all relevant aspects," as the law dictates they must be in order for the court to define them as similarly situated. Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 8 (1st Cir. 2001) (citations and internal quotation marks omitted).  Construing the class as such disregards all potential differences in the circumstances surrounding the appointments of the employees within the proposed class and the timing when said appointments were made.  Plaintiffs appear to urge this court to overlook the significant differences in the timing—nearly a decade—between the period these individuals were allegedly appointed and the

time plaintiffs were appointed. These differences in the circumstances and timing are relevant distinctions. Articles 2 and 4 of the SIFC's Employee Manual, Regulation 6266 of January 11, 2000, establishing that the SIFC has to comply with the merit principle when dealing with the administration of the SIFC's workforce was not even in effect between 1995 and 1997 when the employees plaintiffs point to allegedly received their appointments in violation of the merit principle.[1] See ECF Nos. 84-1, ¶ 32; 91-1, ¶ 32. The Audit Report concluded that 232 appointments had been made through internal job postings during the period in which this mechanism was used to appoint career managerial employees at the SIFC, in violation of the SIFC's Employee Manuel. See ECF Nos. 84-1, ¶ 27; 91-1, ¶ 27. The timing and circumstances surrounding these appointments were "relevant aspects" to this finding, and all of the personnel transactions made at the SIFC in which career managerial employees were appointed through internal job postings during the period of time between 2003 and 2008, when said mechanism was used, were declared null and void. See ECF Nos. 84-1, ¶ 38; 91-1, ¶ 38.

Plaintiffs cite no legal authority to support their implicit contention that any time that an employer exercises discretion in making an adverse employment decision it must make it across such a widespread class of individuals. They attempt to invoke the opinion issued by the Puerto Rico Supreme Court in the case of González Segarra v. State Ins. Fund Corp., 2013 T.S.P.R. 34, to support the proposition "that career managerial appointments effected without job announcements that were open to the public were in violation of the merit principle and thus null and void." ECF No. 113, at 3 (emphasis omitted). Plaintiffs misconstrue the issue and holding in this case. The Puerto Rico Supreme Court in González Segarra sought to resolve "whether the exercise of discretion performed was within the authority delegated by the SIFC's Personnel

---

[1] Plaintiff's bring no argument to the court's attention that a prior rule in the SIFC's Employee Manual dictated it had to comply with the merit principle between 1995 and 1999.

Regulations to the administrator." ECF No. 79-1, at 28.  González Segarra found that previous administrators "abused their discretion by permitting and validating the granting of promotions through internal job announcements that were not justified." Id. at 38.  It did *not* find—as plaintiffs imply—that any appointment to a career managerial position at the SIFC that was not enacted through open competition necessarily violates the merit principle and is necessarily null and void.  Ultimately, the case validates the administrator's decision to nullify plaintiffs' appointments, which is at issue in the case of caption; it does not suggest that the administrator should have declared a greater number of appointments null and void.

In their Motion for Reconsideration, plaintiffs reiterate their claim from their Motion for Summary Judgment that "prior to 2001, a large number of physicians were appointed to career positions without any job announcements whatsoever." ECF No. 112, at 3.  This statement does nothing to advance plaintiffs' Equal Protection Clause claim.  Not only does the analysis above regarding plaintiffs' attempts to expand the class of similarly situated individuals to include all employees appointed to career managerial positions without open competition apply fully to this alleged group, but plaintiffs evidence with regard to this "group of physicians" is particularly insubstantial and conclusory.  Plaintiffs provide no additional detail or information regarding this group, aside from the statement quoted above from Mr. Luis Ramos's Statement Under Penalty of Perjury.  As noted in this court's Opinion and Order granting summary judgment, the statements regarding this group of physicians "are non-specific and insufficient to carry plaintiffs' burden of demonstrating that they are similarly situated 'in all relevant aspects.'" ECF No. 111, at n.3.

Plaintiffs also contend that "[a]t the end of the day, the [c]ourt's principal distinction" between plaintiffs and the individuals who allegedly experienced a "status change" between

4

1995 and 1997 "is that the pre-2001 were not appointed through closed job announcements, as those were first used in 2003." ECF No. 112, at 4. This distinction is merely one among various that prevent a jury from finding the groups to be similarly situated. As previously discussed, the overall differences in the circumstances and in the timing surrounding the appointments are pertinent distinctions that lead to the conclusion that plaintiffs have not met their burden of demonstrating they are similarly situated for summary judgment purposes.

Plaintiffs also argue that union membership does not constitute a material distinction, such that the class of similarly situated individuals should extend to unionized personnel appointed through closed job announcements after 2009. ECF No. 112, at 4. Plaintiffs contend that unionized career employees are also subject to the merit principle. Id. Assuming for the purposes of summary judgment that this is true, it does not mean that union membership is not a pertinent consideration in personnel decision-making at the SIFC nonetheless. In their response to plaintiffs' additional proposed uncontested facts, in which defendants admit closed job announcements have continued to be used to appoint unionized personnel at the SIFC since 2009, defendants also clarify that the SIFC is legally obligated to do so because the applicable collective bargaining agreements mandate the use of such announcements for promotions. ECF No. 97-1, at 49, ¶ 4. Defendants produced evidence of such agreements in support of their explanation. Id. Plaintiffs do not contest that these collective bargaining agreements exist or are binding over defendants in awarding promotions to unionized employees, nor do they point to any similar agreements applicable to their own employment at the SIFC. Moreover, as with the first group of employees to whom plaintiffs seek to have themselves compared, differences in timing exist, as well. Based on the totality of the circumstances, and taking as true plaintiff's

proposed facts that are supported by the record, a jury cannot reasonably find that this group of employees was similarly situated to plaintiffs.

As to each category of individuals with whom plaintiffs claim to be similarly situated there are differences both in the categorization of the employees at the SIFC and the timing of their appointments. As previously stated, this falls short of "the high degree of similarity" plaintiffs must show to meet their burden of proving an equal protection violation. Plaintiffs have not brought forth sufficient evidence from which a rational jury could conclude that they were selectively treated compared with others similarly situated, as is necessary for them to survive defendant's motion for summary judgment on their selective enforcement claim. In view of the foregoing, plaintiffs' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of December, 2013.

s/Marcos E. López  
U.S. Magistrate Judge